IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY JAMES | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-12-CV-0457-N-BD |
| | § | |
| DALLAS POLICE DEPARTMENT, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Terry James, a Texas citizen, against the Dallas Police Department, Chief David Brown, the Dallas County District Attorney's Office, and two unnamed Dallas police officers. On February 13, 2012, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on February 27, 2012. The court now determines that plaintiff's claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In addition, plaintiff should be sanctioned $100.00 for abuse of the judicial system.

II.

Plaintiff was arrested on domestic assault charges after he called the police to remove an "unwanted female guest" from his home. (*See* Plf. Compl. at 2; Mag. J. Interrog. #1(b), 4). Two Dallas police officers responded to the call. (*See* Mag. J. Interrog. #4). One of the officers took the woman outside. (*Id.*). The other officer remained inside the house with plaintiff. (*Id.*). When asked by the officer to explain what happened, plaintiff responded, "nothing had happened, I just wanted [the woman] out of my home because she was refusing to leave and threatening me." (*Id.*). However, the woman told the other officer that plaintiff had hit her. (*Id.*). Despite telling the officers that they could not prove the elements of family violence assault, plaintiff was arrested and taken to the Dallas County Jail, where he remained for 19 days until posting bail. (*See* Mag. J. Interrog. #1(c), 4). The criminal charge was eventually dismissed. (*See* Mag. J. Interrog. #8). In this lawsuit, plaintiff alleges that he was arrested without probable cause, which caused him to spend more than two weeks in jail and lose his job, home, and car. (*See* Mag. J. Interrog. #10). Plaintiff also blames the police for damage to his home allegedly caused by the woman after she was left unattended in the house. (*See* Mag. J. Interrog. #1, 4, 10).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly,*

550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim for relief against the Dallas Police Department, Chief David Brown, and the Dallas County District Attorney's Office. The Dallas Police Department is not a legal entity subject to suit in federal court. *See Youl Suh v. Dallas Police Dept.*, No. 3-06-CV-2115-L, 2006 WL 3831235 at *2 (N.D. Tex. Dec. 29, 2006), *appeal dism'd*, No. 08-10233 (5th Cir. Apr. 30, 2008). As a supervisor, Chief Brown cannot be sued unless: (1) he affirmatively participated in acts that caused a constitutional deprivation; or (2) he implemented unconstitutional policies that resulted in injury to plaintiff. *See Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). Nowhere in his complaint or interrogatory answers does plaintiff allege that Chief Brown personally participated in his arrest. His conclusory assertion that "there has to be an official policy for Dallas County, Texas police officers to continus [*sic*] falsely arresting it's citizens[,]" (*see* Mag. J. Interrog. #1(d)), is insufficient to establish supervisory liability. *See Rivera v. Salazar*, 166 Fed.Appx. 704, 706, 2005

WL 3588443 at *1 (5th Cir. Dec. 30, 2005). The Dallas County District Attorney's Office and its prosecutors are immune from suit for actions taken within the scope of their authority. *See Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976).

C.

That leaves plaintiff's claims against the unnamed Dallas police officers for wrongful arrest. A claim of false arrest requires a showing that no probable cause existed to support the arrest. *See Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir.), *cert. denied*, 122 S.Ct. 46 (2001). If there was probable cause for any of the charges made, then the arrest was supported by probable cause and there is no claim for false arrest. *See Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995). Under Texas law, a person commits the offense of assault if, *inter alia*, the person "intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." *See* TEX. PENAL CODE ANN. § 22.01(a)(3) (Vernon 2009). Assault can be established even if no pain or physical injury occurs. *See Blevins v. State*, No. 02-09-00237-CR, 2010 WL 5395836 at *3 (Tex. App. -- Fort Worth, Dec. 30, 2010, pet. ref'd). In his interrogatory answers, plaintiff acknowledges that his female companion told one of the police officers that plaintiff hit her. (*See* Mag. J. Interrog. #4). That accusation, standing alone, was sufficient probable cause for the officers to arrest plaintiff for assault. *See Johnson v. Bryant*, 46 F.3d 66 (Table), 1995 WL 29317 at *3 (5th Cir. Jan. 17, 1995) (victim's accusation is generally sufficient to establish probable cause). Thus, plaintiff has failed to state a cognizable claim for wrongful arrest.[1]

---

[1] Plaintiff appears to complain that the police officers arrested him for family violence assault "without even trying to ascertain if [the woman] actually lived with me, if we were in fact a common law couple or that I actually struck or chocked [*sic*] [her]." (*See* Mag. J. Interrog. #10). Regardless of whether there was enough evidence to arrest plaintiff for family violence assault, there was probable cause to arrest him for simple assault. *See Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001), *citing Wells*, 45 F.3d at 95 (claims for false arrest focus on the validity of the arrest, not on the validity of each individual charge made during the course of arrest).

Nor has plaintiff stated a federal civil rights claim against the officers for damage to his property allegedly caused by his female companion. To the extent plaintiff accuses the officers of negligently leaving the woman unattended in his house, such a claim sounds in negligence and arises under state law, not federal law. *See Nesmith v. Taylor*, 715 F.2d 194, 195 (5th Cir. 1983) ("It is fundamental to our federal jurisprudence that state tort claims are not actionable under federal law[.]").

III.

Federal courts have inherent power "to protect the efficient and orderly administration of justice[.]" *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See Willms v. United States*, No. 3-11-CV-2958-M-BD, 2011 WL 6935337 at *4 (N.D. Tex. Dec. 16, 2011), *rec. adopted*, 2011 WL 6934967 (N.D. Tex. Dec. 29, 2011), *citing* FED. R. CIV. P. 11. Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *1 (N.D. Tex. May 5, 2003), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003), *quoting Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). Appropriate sanctions may include monetary sanctions and restrictions on the ability to file future lawsuits without leave of court. *See generally, McCampbell v. KPMG Peat Marwick*, 982 F.Supp. 445, 448-49 (N.D. Tex. 1997) (discussing sanctions available to deter and punish *pro se* litigants for abusing the judicial system).

Plaintiff is no stranger to the civil justice system. While the court lacks the time and resources to extensively review each case, a random sampling of the more than 15 civil actions brought by plaintiff in this district since 1996 reveals that the vast majority of those cases were

dismissed either on initial screening or on summary judgment. Plaintiff's abusive litigation history has resulted in two sanctions warnings -- one by the Fifth Circuit Court of Appeals, see *James v. Cox*, No. 04-10483 (5th Cir. Oct. 20, 2004), and one by a district judge, see *James v. Jones*, No. 3-07-CV-0979-G, 2007 WL 4661142 at *3 (N.D. Tex. Dec. 10, 2007), *rec. adopted*, 2008 WL 90005 (N.D. Tex. Jan. 3, 2008). Before plaintiff filed his complaint in the instant case,[2] the court again warned that:

> sanctions may be imposed against him if he continues to abuse the judicial system. If plaintiff elects to proceed with this lawsuit and the court determines that the action is frivolous, malicious, or fails to state a claim, he may be subject to sanctions, including monetary sanctions and restrictions on the ability to file future lawsuits without leave of court.

(*See* Doc. #3). Undeterred by these warnings, plaintiff continues to file frivolous lawsuits. The court therefore determines that plaintiff should be sanctioned $100.00, and barred from filing any lawsuits in federal court until this sanction is paid.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In addition, plaintiff should be sanctioned $100.00, and barred from filing any lawsuits in federal court until this sanction is paid.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

---

[2] Plaintiff sought permission from the court to file this suit in view of his multiple sanctions warnings. Because plaintiff has never been barred from filing lawsuits in federal court, the court denied his motion for leave as unnecessary. (*See* Doc. #3).

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 1, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE