IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY R. JAMES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-457-N-BN |
| | § | |
| DALLAS POLICE DEPARTMENT, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a January 4, 2013 order of reference from the District Court. *See* Dkt. No. 30. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation:

### Background

Terry R. James, proceeding *pro se*, brings this civil rights action alleging that the City of Dallas, Dallas County, the Dallas County District Attorney's Office, District Attorney Craig Watkins, Police Chief David Brown, and three Dallas Police officers are responsible for his false arrest, invasion of his privacy, and malicious prosecution. On February 13, 2012, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint

to be filed. Written interrogatories then were sent to Plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on February 27, 2012.

The Court then summarily dismissed Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2), finding that Plaintiff had failed to state a claim for relief against the Dallas Police Department, Chief Brown, and the Dallas County District Attorney's Office. *See James v. Dallas Police Dep't*, No. 3:12-cv-457-N, 2012 WL 1066383, at *2 (N.D. Tex. Mar. 1, 2012), *rec. adopted*, 2012 WL 1066020 (N.D. Tex. Mar. 29, 2012). The Court also dismissed Plaintiff's wrongful arrest claims because, crediting Plaintiff's allegations as true, probable cause existed for his arrest. *James*, 2012 WL 1066383, at *2. The Court of Appeals vacated the dismissal, determining that Plaintiff's wrongful arrest claim should not have been summarily dismissed, and remanded the case. *See James v. Dallas Police Dep't*, No. 12-10369, 2012 WL 5911132, at *1 (5th Cir. Nov. 26, 2012).

Plaintiff filed an amended complaint, *see* Dkt. No. 27, and the District Court referred the case to the undersigned magistrate judge for pretrial management. A second set of interrogatories was sent to Plaintiff to obtain additional information about the identity of the arresting officers and the basis of Plaintiff's claims against additional defendants named in the amended pleading. *See* Dkt. No. 31. Plaintiff answered the interrogatories on January 11, 2013. *See* Dkt. No. 32.

In his amended complaint and interrogatory responses, Plaintiff generally accuses Sergeant Paul Schafer, Officer Patricio E. Zamarripa, and Officer John W.

Roberts of (1) arresting him without probable cause to believe that he committed any offense, (2) invasion of privacy, and (3) malicious prosecution. *See* Dkt. No. 27 at 1-2. He seeks to sue Dallas County District Attorney Craig Watkins, alleging that he is responsible for Dallas's "dubious distinction" of false arrests, permitted his employees to pursue baseless assault charges against Plaintiff after an examining trial, and is liable for wrongdoing committed by the District Attorney's Office in connection with Plaintiff's 1998 arrest and indictment for sexual assault of a child. *See* Dkt. No. 32 at Question 2. Plaintiff claims that Police Chief David Brown is responsible for "a custom of falsely arresting, maliciously prosecuting and ... capriciously indicting innocent citizens simply [because] they were/are [too] poor to afford decent counsel." Dkt. No. 32 at Question 3. Finally, Plaintiff contends that the City of Dallas and Dallas County have a policy and custom of false arrests, biased juries, malicious prosecution, and failure to investigate claims of innocence. *See* Dkt. No. 32 at Question 4.

The Court now determines that Plaintiff's claims against Chief Brown, District Attorney Watkins, the City of Dallas, and Dallas County and his allegations of malicious prosecution and invasion of privacy should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff should be permitted to proceed on his false arrest claims against Schafer, Zamarripa, and Roberts.

## Legal standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i)     is frivolous or malicious;

   (ii)  fails to state a claim on which relief may be granted; or

   (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by

mere conclusory statements, will not suffice. *Id.*

A supervisor is liable only if he (1) affirmatively participated in acts that caused a constitutional deprivation or (2) implemented unconstitutional policies that resulted in injury to a plaintiff. *See Mouille v. City of Live Oak,* 977 F.2d 924, 929 (5th Cir. 1992). A municipality may be held liable for the deprivation of rights guaranteed by the Constitution or federal law only if the deprivation was the result of an official policy. *See Monell v. Dep't of Social Servs. of N.Y.,* 436 U.S. 658, 694 (1978). Such a policy may include "'a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'" *Campbell v. City of San Antonio,* 43 F.3d 973, 977 (5th Cir. 1995) (quoting *Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1984)). However, "[i]t is well-established that a city is not liable under § 1983 on the theory of respondeat superior." *Peterson v. City of Fort Worth, Tex.,* 588 F.3d 838, 847 (5th Cir. 2009). To establish municipal liability under 42 U.S.C. § 1983, plaintiff must prove three elements: "(1) a policymaker; (2) an official policy; and (3) violation of constitutional rights whose moving force is the policy or custom." *Hampton Co. National Surety, LLC v. Tunica County,* 543 F.3d 221, 227 (5th Cir. 2008) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

## Analysis

Initially, Plaintiff's claims against the City of Dallas and Dallas County should be summarily dismissed. Plaintiff fails to identify any official policy or custom that led

to his arrest without probable cause. Instead, he provides conclusory allegations that these municipal entities are generally responsible for false arrests, biased juries, and malicious prosecution. *See* Dkt. No. 32 at Question 4. Without facts to support an official policy or custom that led to the alleged constitutional deprivation, there is no basis for municipal liability under section 1983. *See Amir-Sharif v. Valdez,* No. 3:06-cv-2258-P, 2007 WL 1791266, at *2 (N.D. Tex. June 6, 2007) ("Nor does plaintiff identify a policy, custom, or practice that sanctions or condones any of the constitutional violations alleged in his complaint. Instead, plaintiff blames these supervisors for failing to properly investigate his grievances. Even if proved, such a claim is not actionable under 42 U.S.C. § 1983.").

As observed by Magistrate Judge Jeff Kaplan, Plaintiff's claims against Chief David Brown should also be summarily dismissed. Plaintiff does not allege that Chief Brown was personally involved in the alleged constitutional deprivations made the basis of this suit. *See* Dkt. No. 11 at Question 1(d); Dkt. No. 32 at Question 3. Instead, Plaintiff blames Chief Brown for his arrest and detention because "there has to be an official policy for Dallas County, Texas police officials to [continue] falsely arresting it's citizens," Dkt. No. 11 at Question 1(d), and because "Chief Brown and the Dallas Police Department have a custom of [falsely] arresting, maliciously prosecuting, and capriciously indicting innocent citizens simply because[] they were/are too poor to afford decent counsel," Dkt. No. 32 at Question 3. However, no facts are alleged to support his assertion that Chief Brown instituted any policy leading to his false arrest. *See James,* 2012 WL 1066383, at *2. To the extent Plaintiff seeks to hold Chief Brown

liable for implementing an unconstitutional policy, thereby contributing to increased incidents of false arrests by his officers, his claim fails because the Chief of Police is not the final policymaker for the Dallas Police Department. *See id.* (citing cases).

Similarly, Plaintiff's claims against District Attorney Watkins should be summarily dismissed. Plaintiff alleges that Watkins should be held liable for false arrests that have occurred in Dallas County, for failing to investigate the facts of Plaintiff's assault arrest, and for wrongdoing in connection with Plaintiff's 1998 arrest for sexual assault of a child. *See* Dkt. No. 32 at Question 2. However, Plaintiff does not allege that Watkins had any personal involvement in his arrest. Plaintiff may not recover damages against Watkins under a theory of *respondeat superior* liability. *See Mouille*, 977 F.2d at 929. In addition, the failure to investigate or respond to a grievance is not actionable under 42 U.S.C. § 1983. *See Lewis v. Cotton,* No. 3:08-cv-2293-N, 2009 WL 1228482, at *2 (N.D. Tex. May 4, 2009).

Plaintiff submits claims of false arrest, invasion of privacy, and malicious prosecution against Defendants Schafer, Zamarripa, and Roberts. A freestanding Section 1983 claim for malicious prosecution fails as a matter of law. *See Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812-13 (5th Cir. 2010) ("[W]e held that a freestanding 42 U.S.C. § 1983 claim based solely on malicious prosecution was not viable. Rather, the claimant must allege that officials violated specific constitutional rights in connection with a 'malicious prosecution.'." (internal quotation marks and citation omitted)). To the extent that Plaintiff seeks to hold these Defendants liable for malicious prosecution under Texas tort law, that claim is also foreclosed by immunity

provided by Texas statute. *See Craig v. Dallas Area Rapid Transit Auth.*, No. 11-10805, 2012 WL 6700409, at *4-*5 (5th Cir. Dec. 27, 2012) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655, 657-59 (Tex. 2008); TEX. CIV. PRAC. & REM. CODE § 101.106(e)). Similarly, Plaintiff has failed to state a constitutional claim for invasion of privacy because he has not alleged any improper disclosure of personal matters or violation of his independence in making certain types of decisions. *See American Civil Liberties Union of Miss., Inc. v. King,* 911 F.2d 1066, 1069 (5th Cir. 1990). And Plaintiff has not alleged any facts to establish any of the three types of injuries for invasion of privacy that may be remedied under Texas tort law. *See Cain v. Hearst Corp.,* 878 S.W.2d 577, 578 (Tex. 1994) (explaining that Texas recognizes three distinct injuries under the tort of invasion of privacy: (1) intrusion on seclusion, (2) public disclosure of private facts, and (3) appropriation of name or likeness).

That leaves Plaintiff's claims against the three officers for arrest without probable cause. The Court of Appeals has determined that Plaintiff's wrongful arrest claim "does not lack 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *James*, 2012 WL 5911132, at *1 (quoting *Iqbal*, 556 U.S. at 678). Without suggesting a view of whether dismissal may be proper in a different procedural context, the Court determines that Plaintiff has alleged enough facts to survive dismissal at this stage of the proceedings.

### Recommendation

The Court should summarily dismiss Plaintiff's claims against Chief Brown, District Attorney Watkins, the City of Dallas, and Dallas County and his allegations

of malicious prosecution and invasion of privacy pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff should be permitted to proceed with his false arrest claims against Schafer, Zamarripa, and Roberts.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 4, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE