IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY R. JAMES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-457-N-BN |
| | § | |
| DALLAS POLICE DEPARTMENT, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

This is a *pro se* civil action brought by Terry R. James accusing Defendants Paul Schafer, Patricio Zamarripa, and John Roberts of arresting him without probable cause to believe that he committed any offense. As part of their answers, Sergeant Schafer, Officer Zamarripa, and Officer Roberts plead the affirmative defense of qualified immunity. *See* Dkt. No. 46 at 4-5; Dkt. No. 47 at 5-7; Dkt. No. 53 at 5-6. The Court determines that these defenses should be decided on an expedited basis by way of summary judgment. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (noting that "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation").

Defendants shall file a joint motion for summary judgment on the affirmative defense of qualified immunity by **May 22, 2013**. The motion must be accompanied by or incorporate a brief, and the motion and brief shall not together exceed 30 pages in length. *See* N.D. TEX. L. CIV. R. 56.5(b) (as modified). Defendants must, in a separate section at the beginning of the brief, identify the live pleadings for each party who has appeared in the action and specify the name of each pleading, the date it was filed, and

the pleading's document number on the Court's docket. Additionally, except to the extent any requirement is modified herein, Defendants' motion for summary judgment must comply with the requirements of Local Civil Rules 56.3(a)-(d), 56.5(a), 56.5(c), and 56.6(a)-(b).

Any affidavits, depositions, written discovery materials, or other summary judgment evidence must be included in a separate appendix. The appendix shall be numbered sequentially from the first page through the last and include an index of all documents contained therein. An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page. *See* N.D. TEX. L. CIV. R. 56.6. Defendants must bracket in the margin of each document in the appendix the portions of the document upon which they rely, and, when citing record materials in the brief, Defendants must support each assertion by citing each relevant page of the appendix.

Defendants shall hand deliver a copy of all filings in connection with the motion to the district clerk's office, 1100 Commerce Street, 14th Floor, Dallas, Texas, Attn: Vila Fisher, no later than the next business day after the document is filed. No party may file more than one motion for summary judgment without leave of court. *See* N.D. TEX. L. CIV. R 56.2(b).

All discovery is stayed pending a ruling on Defendants' motion for summary judgment. *See Wicks v. Miss. State Employees Servs., Inc.*, 41 F.3d 991, 994-95 (5th Cir. 1995); *accord Foreman v. Texas A&M Univ. Sys. Health Sci. Ctr.*, No. 3:08-cv-1469-L, 2008 WL 494267, at *4 (N.D. Tex. Nov. 12, 2008) (citing *Wicks* in ruling that discovery is stayed pending a ruling on an individual defendant's dispositive motion). Where Defendants have asserted a qualified immunity defense, the Court can, under certain circumstances, permit limited discovery that is narrowly tailored to uncover facts that

the Court needs to rule on the qualified immunity defense. *See Wicks*, 41 F.3d at 994. Upon proper request, the Court may authorize Plaintiff to conduct limited discovery in order to respond to the qualified immunity issues raised in Defendants' summary judgment motion. *See generally Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) ("[T]his court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense."). After Defendants file their motion, the Court will issue a further order setting forth procedures and deadlines for any possible request for limited discovery and for Plaintiff's response to Defendants' motion.

SO ORDERED.

DATED: April 22, 2013

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE