UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY R. JAMES, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:12-CV-0457-N |
| DALLAS POLICE DEPARTMENT, | § | ECF |
| et al., | § | |
| Defendants. | § | |

**DEFENDANT'S PAUL SCHAFER, PATRICIO ZAMARRIPA, AND JOHN ROBERTS' BRIEF IN SUPPORT OF THEIR JOINT MOTION FOR SUMMARY JUDGMENT ON QUALIFIED IMMUNITY**

THOMAS P. PERKINS, JR.
Dallas City Attorney

Grant Hugh Brenna
Assistant City Attorney
Texas Bar No. 00789170
grant.brenna@dallascityhall.com

James C. Butt
Senior Assistant City Attorney
Texas Bar No. 24040354
james.butt@dallascityhall.com

Jason G. Schuette
Executive Assistant City Attorney
Texas Bar No. 17827020
jason.schuette@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7B North
Dallas, Texas 75201
Telephone: 214-670-3519
Telecopier: 214-670-0622

ATTORNEYS FOR DEFENDANTS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..... iii

I. ARGUMENT AND AUTHORITIES ..... 1

A. Applicable Legal Standards ..... 1

1. Motion for Summary Judgment ..... 1

2. Qualified Immunity ..... 3

B. Analysis of Plaintiff's Unlawful Detention and Unlawful Arrest Claims (Fourth Amendment) ..... 5

1. Officers Roberts and Zamarripa did subject not James to an unlawful detention because there was reasonable suspicion that James had engaged in criminal activity. ..... 5

2. The Officers did not subject James to an unlawful arrest because there was probable cause to believe that James had committed a penal offense. ..... 7

3. The Officers are entitled to qualified immunity on James' unlawful detention and unlawful arrest claims because the Officers' conduct was objectively reasonable. ..... 9

II. CONCLUSION ..... 13

CERTIFICATE OF SERVICE ..... 14

**Defendants Paul Schafer, Patricio Zamarripa, and**
**John Roberts' Brief in Support of Their Joint Motion for**
**Summary Judgment on Qualified Immunity**
***James v. City of Dallas, et al.*; Civil Action No. 3:12-CV-2457-N** **ii**

**TABLE OF AUTHORITIES**

Cases

*Anderson v. Creighton*,
483 U.S. 635 (1987) ........ 4, 5, 9

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ........ 2, 3

*Babb v. Dorman*,
33 F.3d 472 (5th Cir. 1994) ........ 5

*Brown v. Lyford*,
243 F.3d 185 (5th Cir. 2001) ........ 7

*Brown v. Texas*,
443 U.S. 47 (1979) ........ 6

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ........ 1, 2, 3

*Duckett v. City of Cedar Park*,
950 F.2d 272 (5th Cir. 1992) ........ 2

*Eason v. Thaler*,
73 F.3d 1322 (5th Cir. 1996) ........ 3

*Eugene v. Alief Indep. Sch. Dist.*,
65 F.3d 1299 (5th Cir. 1995) ........ 4

*Evans v. Ball*,
168 F.3d 856 (5th Cir. 1999) ........ 4

*Forsyth v. Barr*,
19 F.3d 1527 (5th Cir. 1994) ........ 2, 3

*Foster v. City of Lake Jackson*,
28 F.3d 425 (5th Cir. 1994). ........ 4

*Gassner v. City of Garland*,
864 F.2d 394 (5th Cir. 1989) ........ 3

*Gibson v. Rich*,
44 F.3d 274 (5th Cir. 1995) ........ 5

**Defendants Paul Schafer, Patricio Zamarripa, and John Roberts' Brief in Support of Their Joint Motion for Summary Judgment on Qualified Immunity**
***James v. City of Dallas, et al.*; Civil Action No. 3:12-CV-2457-N** **iii**

*Hare v. City of Corinth*,
135 F.3d 320 (5th Cir. 1998) ........................................................................................ 4

*Harlow v. Fitzgerald*,
457 U.S. 800 (1982)........................................................................................................ 3

*Hunter v. Bryant*,
502 U.S. 224 (1991)........................................................................................................ 7

*Kerr v. Lyford*,
135 F.3d 320 (5th Cir. 1998) ........................................................................................ 4

*Lynch Prop. v. Potomac Ins. Co.*,
140 F.3d 622 (5th Cir. 1998) ........................................................................................ 3

*Malley v. Briggs*,
475 U.S. 335 (1986)............................................................................................. 5, 9, 12

*Matsushita Elec. Indus. Co. v. Zenith Radio*,
475 U.S. 574 (1986)........................................................................................................ 2

*Michigan v. DeFillippo*,
443 U.S. 31 (1979).......................................................................................................... 7

*Pearson v. Callahan*,
555 U.S. 223 (2009)........................................................................................................ 3

*Pfannstiel v. City of Marion*,
918 F.2d 1178 (5th Cir. 1990) ...................................................................................... 9

*Piazza v. Mayne*,
217 F.3d 239 (5th Cir. 2000) ........................................................................................ 7

*Pierce v. Smith*,
117 F.3d 866 (5th Cir. 1997) ........................................................................................ 5

*Ragas v. Tennessee Gas Pipeline Co.*,
136 F.3d 455 (5th Cir. 1998). ....................................................................................... 2

*Saucier v. Katz*,
533 U.S. 194 (2001)........................................................................................................ 3

*Stefanoff v. Hays County*,
154 F.3d 523 (5th Cir. 1998) ........................................................................................ 5

*Topalian v. Ehrman*,
954 F.2d 1125 (5th Cir. 1992) ...................................................................................... 2

**Defendants Paul Schafer, Patricio Zamarripa, and
John Roberts' Brief in Support of Their Joint Motion for
Summary Judgment on Qualified Immunity**
***James v. City of Dallas, et al.*; Civil Action No. 3:12-CV-2457-N** **iv**

*Trejo v. Perez*,
693 F.2d 482 (5th Cir. 1982) ........ 3

*United States v. Arvizu*,
534 U.S. 266 (2002) ........ 5

*United States v. Garcia*,
179 F.3d 265 (5th Cir. 1999) ........ 7, 8

*United States v. Michelletti*,
13 F.3d 838 (5th Cir.) (en banc) ........ 6

*United States v. Neufeld-Neufeld*,
338 F.3d 374 (5th Cir. 2003) ........ 6

*United States v. Sokolow*,
490 U.S. 1 (1989) ........ 5

*United States v. Watson*,
273 F.3d 599 (5th Cir. 2001) ........ 8

Statutes

Tex. Fam. Code § 71.0021(b) ........ 11

Tex. Fam. Code § 71.003 ........ 11

Tex. Fam. Code § 71.005 ........ 11

Tex. Pen. Code § 22.01 ........ 11

Tex. Pen. Code § 22.01(b)(2)(B) ........ 11

Rules

Fed. R. Civ. P. 56(b) ........ 1

Fed. R. Civ. P. 56(c) ........ 1

Fed. R. Civ. P. 56(e) ........ 2

N.D. Tex. Local Civ. R. 56.5 ........ 1

N.D. Tex. Local Civ. R. 7.2 ........ 1

**Defendants Paul Schafer, Patricio Zamarripa, and**
**John Roberts' Brief in Support of Their Joint Motion for**
**Summary Judgment on Qualified Immunity**
***James v. City of Dallas, et al.*; Civil Action No. 3:12-CV-2457-N** **v**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY R. JAMES, Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:12-CV-0457-N |
| DALLAS POLICE DEPARTMENT, et al., | § | ECF |
| Defendants. | § | |

**DEFENDANT'S PAUL SCHAFER, PATRICIA ZAMARRIPA, AND JOHN ROBERTS' BRIEF IN SUPPORT OF THEIR JOINT MOTION FOR SUMMARY JUDGMENT ON QUALIFIED IMMUNITY**

TO THE HONORABLE COURT:

Defendants, Paul Schafer, Patricio Zamarripa, and John Roberts (the "Officers"), pursuant to Fed. R. Civ. P. 56(b), N.D. Tex. Local Civ. R. 7.2 and 56.5, and this Court's Order entered on 23 May 2013 (ECF #60), file their brief in support of their joint motion for summary judgment on qualified immunity. The Officers incorporate by reference Defendants Paul Schafer, Patricia Zamarripa, and John Roberts' Appendix in Support of their Joint Motion for Summary Judgment ("App'x"), filed concurrently.

## I. ARGUMENT AND AUTHORITIES

### A. Applicable Legal Standards

#### 1. Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477

**Defendants Paul Schafer, Patricio Zamarripa, and John Roberts' Brief in Support of Their Joint Motion for Summary Judgment on Qualified Immunity**
***James v. City of Dallas, et al.*; Civil Action No. 3:12-CV-2457-N** **Page 1**

U.S. 242, 248 (1986). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Id.*

A party seeking summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The moving party, however, need not support his motion with affidavits or other evidence negating the elements of the nonmovant's claim. *Id.* Once the moving party has satisfied this initial burden, the burden then shifts to the nonmoving party to show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). To withstand a motion for summary judgment, the nonmovant must present evidence sufficient to establish the existence of a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 322-23; *Liberty Lobby*, 477 U.S. at 256-57; *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). In other words, the nonmovant must set forth specific facts supported by competent summary judgment evidence that would establish each of the challenged elements of its case for which it will bear the burden of proof at trial. *Topalian*, 954 F.2d at 1131. The nonmovant cannot rest upon mere conclusory allegations or denials of the adverse party's pleadings, but must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

While the court must construe all evidence and justifiable inferences drawn from the record in the light most favorable to the nonmovant, *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458, it need not consider conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation when ruling on a

**Defendants Paul Schafer, Patricio Zamarripa, and John Roberts' Brief in Support of Their Joint Motion for Summary Judgment on Qualified Immunity**
***James v. City of Dallas, et al.*; Civil Action No. 3:12-CV-2457-N** **Page 2**

summary judgment motion. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth*, 19 F.3d at 1533. The court moreover should not assume in the absence of sufficient proof that the nonmovant could or would prove the necessary facts. *Lynch Prop. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Liberty Lobby*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" should not be considered by the court. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**2. Qualified Immunity**

The Officers have affirmatively pleaded the defense of qualified immunity. Government officials who perform discretionary functions are entitled to the defense of qualified immunity, which shields them from suit as well as liability for civil damages, if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Police officers are specifically entitled to assert this qualified immunity defense. *Gassner v. City of Garland*, 864 F.2d 394 (5th Cir. 1989).

In assessing whether a public official is entitled to qualified immunity, the Fifth Circuit conducts the two-prong analysis set forth in *Saucier v. Katz*, 533 U.S. 194 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223, 234-36 (2009).[1] The first prong of the *Saucier*

[1] The Supreme Court recently clarified in *Pearson* that the ordered two-prong protocol established in *Saucier*, while often appropriate, is no longer mandatory for resolving qualified immunity claims. *Pearson*, 555 U.S. at 236. Therefore, this Court may exercise its sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in this particular case. *Id.* Because the right to be free from arrests that are not supported by probable cause was clearly established at the time of the Plaintiff's detention and arrest at issue, the Court may go directly to whether the Officers' actions were objectively reasonable.

analysis requires the court to decide whether, taken in the light most favorable to the plaintiff, the facts alleged show that the officer's conduct violated a constitutional right. The second prong of the test requires the court to make two separate inquiries: whether the right allegedly violated was clearly established at the time of the event giving rise to the plaintiff's claim, and if so, whether the conduct of the defendant was objectively unreasonable. *Evans v. Ball*, 168 F.3d 856, 860 (5th Cir. 1999). Although many cases continue to state that the determination of the qualified immunity issue requires the application of a bifurcated test, the analytical framework for resolving issues of qualified immunity necessarily requires, or may require, a *three-step* analysis. *See Kerr v. Lyford*, 171 F.3d 330, 339 (5th Cir. 1999); *Evans,* 168 F.3d at 860; *Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir. 1998); *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1305 (5th Cir. 1995).

Whether a defendant acted within the scope of his authority performing a discretionary function and whether a reasonable official in his position would have deemed his conduct unconstitutional are not to be considered by the court unless each part of the three-step inquiry has been answered affirmatively on behalf of the plaintiff. *Kerr*, 171 F.3d at 339. In other words, only after a plaintiff demonstrates the existence and violation of a clearly established constitutional or statutory right is the defendant required to show that he was performing a discretionary function and that a reasonable official would not have considered his actions to be unconstitutional at the time of the incident in question. *Id.* at 338.

A right is "clearly established" only when its contours are sufficiently clear that a reasonable public official would have realized or understood that his conduct violated the right in issue, not merely that the conduct was otherwise improper. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987), *Foster v. City of Lake Jackson*, 28 F.3d 425, 429 (5th Cir. 1994). Thus, the

**Defendants Paul Schafer, Patricio Zamarripa, and John Roberts' Brief in Support of Their Joint Motion for Summary Judgment on Qualified Immunity**
***James v. City of Dallas, et al.*; Civil Action No. 3:12-CV-2457-N** **Page 4**

right must not only be clearly established in an abstract sense but in a more particularized sense so that it is apparent to the official that his actions [what he is doing] are unlawful in light of pre-existing law. *Creighton,* 483 U.S. at 640; *Stefanoff v. Hays County*, 154 F.3d 523, 525 (5th Cir. 1998); and *Pierce v. Smith*, 117 F.3d 866, 871 (5th Cir. 1997).

In *Anderson v. Creighton,* the Supreme Court refined the qualified immunity standard and held that the relevant question is whether a reasonable officer or public official *could have believed* that his conduct was lawful in light of clearly established law and the information possessed by him. *Creighton,* 483 U.S. at 641. If public officials or officers of "reasonable competence could disagree [on whether an action is legal], immunity should be recognized." *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995) (*citing Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994)). Qualified immunity is designed to protect from civil liability "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. at 341.

**B. Analysis of Plaintiff's Unlawful Detention and Unlawful Arrest Claims (Fourth Amendment)**

**1. Officers Roberts and Zamarripa did subject not James to an unlawful detention because there was reasonable suspicion that James had engaged in criminal activity.**

The Fourth Amendment protects against "'unreasonable searches and seizures' by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (citations omitted). The standard to be applied in addressing James' unlawful detention claim is that of reasonable suspicion, which is less demanding than that for probable cause. *See United States v. Sokolow*, 490 U.S. 1, 7 (1989) ("the level of suspicion required for [an investigatory or] *Terry* stop is obviously less demanding than that for probable cause.").

A peace officer may lawfully detain a person for the purpose of temporarily investigating possible criminal activity, provided he has a reasonable, articulable suspicion based on objective facts that criminal activity may be underway or has occurred.  *See Brown v. Texas*, 443 U.S. 47, 51 (1979); *see also United States v. Michelletti*, 13 F.3d 838, 840 (5th Cir.) (en banc) ("Reasonable suspicion must be supported by particular and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant an intrusion.").  "The Fourth Amendment requires only some minimum level of objective justification for the officers' actions–but more than a hunch–measured in light of the totality of the circumstances." *Michelletti*, 13 F.3d at 840; *Cortez,* 449 U.S. at 417 (holding that "the totality of the circumstances–the whole picture–must be taken into account.").  "Indeed, the totality of the circumstances should reflect the outcome of a process in which 'officers draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person.'" *United States v. Neufeld-Neufeld*, 338 F.3d 374, 379 (5th Cir. 2003).

The competent summary judgment evidence establishes that Officers Roberts and Zamarripa had a reasonable, articulable suspicion based on objective facts that James may have committed the offense of assault by strangulation.  Therefore, those two officers could lawfully detain James.

Working at the county jail, officer Schafer never saw James and certainly had no part of his physical arrest.  Even James' petitions allege that only Roberts and Zamarripa were present at the arrest.  Schafer simply filed an arrest report with a magistrate based on the reports given him by Roberts and Zamarripa, coupled with the information he received regarding James' prior conviction.

**2. The Officers did not subject James to an unlawful arrest because there was probable cause to believe that James had committed a penal offense.**

The next issue that the Court must determine is whether the Officers had probable cause to arrest James. If the underlying facts are undisputed, as they are here, whether the Officers had probable cause to arrest James is a question of law. *Piazza v. Mayne*, 217 F.3d 239, 246 (5th Cir. 2000).

The constitutional tort of false arrest requires a showing of no probable cause. *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001). Probable cause exists if at the time of the arrest, facts and circumstances within the officer's knowledge, and of which he had reasonably trustworthy information, were sufficient to warrant a prudent person, or one of reasonable caution, to believe, in the circumstances shown, that one has committed, is committing, or is about to commit an offense. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991); *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)(citations omitted). When determining whether a reasonable person would have believed that an offense occurred, the Court considers the expertise and experience of law enforcement officials. *See United States v. Garcia*, 179 F.3d 265, 268 (5th Cir. 1999) (citation omitted). "Probable cause 'does not demand any showing that [the belief that an offense was committed] be correct or more likely true than false.'" *Piazza*, 217 F.3d at 246 (citation omitted). In determining whether probable cause exists, the Court is required only to find a basis for an officer to believe to a "fair probability" that an offense occurred. *Id.* (citations omitted). A "fair probability" does not mean that a reasonable person would have believed it more likely than not, which is a preponderance of the evidence standard, that an offense occurred. *Garcia,* 179 F.3d at 269. It simply means "something more than a bare suspicion, but need not reach the fifty

**Defendants Paul Schafer, Patricio Zamarripa, and John Roberts' Brief in Support of Their Joint Motion for Summary Judgment on Qualified Immunity**
***James v. City of Dallas, et al.*; Civil Action No. 3:12-CV-2457-N** **Page 7**

percent mark." *Garcia,* 179 F.3d at 269; *see also United States v. Watson*, 273 F.3d 599, 602 (5th Cir. 2001).

Both officers Roberts and Zamarripa testify that they answered a call for a civil disturbance at 2203 Aspen Street in Dallas. Officer Roberts spoke to a woman who identified herself as Tiea Adkins. Adkins told Roberts that James choked her for 15 seconds, through her into a wall, and that the choking caused pain and continued in a manner that prevented her from breathing or swallowing. Furthermore, Adkins also stated that James only called the police department because Adkins was attempting to do so, and James took the telephone from her and did so himself in order to file a complaint against her. Both officers noticed that Adkins' voice was shaking, she had watery eyes, and that her appearance and demeanor were consistent with that of a person who had just been strangled. Based on what officers Roberts and Zamarripa saw and heard, they determined that there was probable cause to arrest James for assault by strangulation. (*See* Roberts and Zamarripa affidavits (App'x at 1-4)). Therefore, Roberts and Zamarripa did not arrest James without probable cause.

On the morning of James' arrest, officer Schafer was assigned to the Dallas Police Department's Detention Services Section as an arrest review officer were he reviewed arresting officers' arrest reports for completeness, and ensures that the arrest reports state the elements of an offense pursuant to Dallas Police Department guidelines. Relevant to this lawsuit, Schafer did not review the original arrest paperwork for James' arrest. Rather, Schafer processed the James paperwork to enhance the original charge, a third degree felony to a second degree felony. Schafer was justified in doing so because James had a prior conviction for a family violence assault offense. Schafer then prepared an Affidavit for Arrest Warrant which was based on the

information supplied to him by fellow police officers, and presented it to Magistrate Judge Nan Lollar. (*See* Schafer affidavit, App'x at 5.)

At no time did Officer Schafer participate in the Plaintiff's arrest, nor did he have contact with either James or the criminal complainant, Adkins. Schafer did not even process the Plaintiff at the jail. Schafer relied on the information provided to him by Officers Roberts and Zamarripa whose veracity and information he had no reason to doubt. *Id*.

**3. The Officers are entitled to qualified immunity on James' unlawful detention and unlawful arrest claims because the Officers' conduct was objectively reasonable.**

Even if the Court determines that James was subjected to an unlawful detention or arrest, the Officers are nevertheless entitled to the defense of qualified immunity. A peace officer is entitled to the defense of qualified immunity if he can establish that his conduct was lawful in light of clearly established law and the information he possessed. *Creighton*, 483 U.S. at 641. If reasonable public officials could differ on the lawfulness of the officer's actions, the officer is entitled to qualified immunity as a matter of law. *Malley,* 475 U.S. at 341. Thus, even if the Roberts and Zamarrippa's arrest of James, or Schafer's upgrade of the felony, violated James' Fourth Amendment rights, the Officers are entitled to qualified immunity if their conduct was objectively reasonable. *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990). That is, the Officers are entitled to qualified immunity if a reasonable police officer could have believed that their actions in detaining, arresting, and charging James was lawful in light of clearly established law and the information they possessed at the time they decided to act.

To survive summary judgment as to Roberts and Zamarripa, the Plaintiff must establish that no reasonable police officer possessing knowledge of clearly established law and the information known to the Roberts and Zamarripa at the time of James' detention and arrest could

have believed the decision to detain him was lawful. When viewed under the foregoing standards, a reasonable police officer could have believed that the detention and arrest of James was lawful. There is no dispute as to the applicable law. At the time of James' detention, the Roberts and Zamarripa's information was that:

- On December 16, 2010, at approximately 10:55 a.m., Dallas police officers Patricio Zamarripa and John Roberts responded to a civil disturbance call. Both officers saw a woman in James' home whose voice was shaking and had watery eyes. (App'x at 1, 3).

- The woman told officer Roberts that James had assaulted her by choking her for 15 seconds and then throwing her into a wall. (App'x at 1).

- Roberts told Zamarripa of his conversation with the woman. (App'x at 1).

- Based on their observations of the woman's physical condition and the facts as relayed by the woman, there was probable cause to arrest James for the offense of assault by strangulation. (App'x at 1, 4).

- Upon finding James' prior conviction for a family violence offense, Officer Schafer properly enhanced the charge to a second degree felony, wrote an arrest warrant, and delivered it to a magistrate judge. (App'x at 5).

Taken together, those facts are sufficient for an objectively reasonable officer to decide that James' detention and arrest were warranted.

The Officers have established through competent summary judgment evidence that they are entitled to qualified immunity on the Plaintiff's unlawful detention claim, and there is no genuine issue of material fact as to whether their decision to arrest James was objectively reasonable. The Officers had received a disturbance call to James' address and had responded accordingly. Upon arriving at James' address, Ms. Adkins told Roberts of being choked and thrown against a wall by James. Roberts relayed this to Zamarripa. This is clearly sufficient to justify their investigative detention of James. The officers are, therefore, entitled to qualified immunity and James' unlawful detention claim should be dismissed.

The competent summary judgment evidence also establishes that the Officers had probable cause to arrest James for the Texas penal offense of assault by strangulation. In Texas, a person commits the offense of assault if that person "intentionally, knowingly, or recklessly causes bodily injury to another," or "intentionally, knowingly, or recklessly threatens another with imminent bodily injury." Tex. Pen. Code § 22.01. Additionally, such an assault is a third degree felony:

> [I]f the offense is committed against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code, if the offense is committed by intentionally, knowingly, or recklessly ***impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck*** or by blocking the person's nose or throat.

Tex. Pen. Code § 22.01(b)(2)(B). (Emphasis added). At the time of James' arrest, the woman, described by James as his "mistress" was with James at his home. James's term "mistress" describes, at a minimum, a dating relationship that makes assault by strangulation a third degree felony.[2] Considering the totality of the facts and circumstances known to the Officers, including their experience, training, and personal observations, a reasonably prudent person could have believed that James had committed the offense of assault by strangulation.

There is no evidence to establish, or to create a genuine issue of material fact, that James was arrested without at least arguable probable cause. That is, even if James were factually innocent, the information known to the Officers arguably established probable cause to arrest. James, therefore, cannot establish that the Officers deprived him of a substantive constitutional right, and the Officers are entitled to judgment as a matter of law on James' unlawful arrest claim.

---

[2] Sections 71.0021(b), 71.003, and 71.005 of the Family Code describes relationships between the actor and his or her victim. Section 71.0021(b) describes a "dating relationship," section 71.003 describes a "family" relationship, and section 71.005 describes a "household relationship." The fact that

**Defendants Paul Schafer, Patricio Zamarripa, and John Roberts' Brief in Support of Their Joint Motion for Summary Judgment on Qualified Immunity**
***James v. City of Dallas, et al.*; Civil Action No. 3:12-CV-2457-N** **Page 11**

In the alternative, should the Court determine that the Officers deprived James of a constitutional right to be free from an unreasonable seizure, and that the right was clearly established at the time of James' arrest, the Officers are nevertheless entitled to qualified immunity on this claim because a reasonable police officer could have believed that their conduct was lawful in light of clearly established law and the information they possessed at the time they decided to arrest James.

As previously discussed, to survive summary judgment, James must establish, or raise a genuine issue of material fact, that no police officer of reasonable competence *could* agree on the reasonableness of the actions taken by the Officers regarding James' arrest. *See Malley*, 475 U.S. at 341. Here, the competent summary judgment evidence conclusively establishes that a reasonably competent police officer could have believed that probable cause existed to arrest James for assault by strangulation. At the time of James' arrest, the Officers' information was that:

- On December 16, 2010, at approximately 10:55 a.m., Dallas police officers Patricio Zamarripa and John Roberts saw a woman in James' home whose voice was shaking and had watery eyes. (App'x at 1, 3)
- The woman told Officer Roberts that James had assaulted her by choking her for 15 seconds and then throwing her into a wall, and Roberts told Zamarripa of this conversation. (App'x at 1, 3)
- Upon finding James' prior conviction for a family violence offense, Officer Schafer properly enhanced the charge to a second degree felony, wrote an arrest warrant, and delivered it to a magistrate judge. (App'x at 5)

Taken together, those facts are sufficient for an objectively reasonable police officer to decide that probable cause existed to arrest James for assault by strangulation.

The competent summary judgment evidence establishes that a reasonable police officer could have believed that the Officers had probable cause to arrest James for assault by

**Defendants Paul Schafer, Patricio Zamarripa, and John Roberts' Brief in Support of Their Joint Motion for Summary Judgment on Qualified Immunity**
***James v. City of Dallas, et al.*; Civil Action No. 3:12-CV-2457-N** **Page 12**

strangulation. James cannot establish a genuine issue of material fact concerning this issue. The officers are, therefore, entitled to qualified immunity on James' claim of unlawful arrest.

## II.   CONCLUSION

For the reasons herein stated, there is no genuine issue with respect to any material fact as to James' federal seizure claims, and the Officers are entitled to summary judgment as a matter of law. Moreover, the Officers have established their entitlement to qualified immunity. Therefore, summary judgment should be granted on the Fourth Amendment seizure claims in favor of the Defendants, Paul Schafer, Patricia Zamarripa, and John Roberts.

WHEREFORE, Defendants, Paul Schafer, Patricio Zamarripa, and John Roberts pray that their motion for partial summary judgment be granted and that the Plaintiff's Fourth Amendment seizure claims be dismissed against them.

        Respectfully submitted,

THOMAS P. PERKINS, JR.
Dallas City Attorney

*s/Grant Hugh Brenna*
Assistant City Attorney
Texas Bar No. 00789170
james.butt@dallascityhall.com

James C. Butt
Senior Assistant City Attorney
Texas Bar No. 24040354
james.butt@dallascityhall.com

Jason G. Schuette
Executive Assistant City Attorney
Texas Bar No. 17827020
jason.schuette@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7B North
Dallas, Texas 75201
Telephone: 214-670-3519
Telecopier: 214-670-0622

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I certify that on June 3, 2013, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I further certify that I served a copy of the foregoing document to the person listed below in the manner indicated, as permitted by the Federal Rules of Civil Procedure.

**By First Class Mail**
Terry R. James
P. O. Box 270624
Dallas, Texas 75227

*s/ Grant Hugh Brenna*
Assistant City Attorney

**Defendants Paul Schafer, Patricio Zamarripa, and John Roberts' Brief in Support of Their Joint Motion for Summary Judgment on Qualified Immunity**
***James v. City of Dallas, et al.*; Civil Action No. 3:12-CV-2457-N** **Page 14**