IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY R. JAMES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-457-N-BN |
| | § | |
| DALLAS POLICE DEPARTMENT, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Laura Rodriguez ("Rodriguez"), the court reporter for Auxiliary Court No. 2 of Dallas County, Texas, has filed a motion requesting that the Court enter a protective order excusing her from responding to Plaintiff's subpoena in this matter unless and until she is paid the necessary transcript preparation and copy fee. *See* Dkt. No. 73. The Court ordered Plaintiff to file a written response to the motion, and Plaintiff's response was received on July 29, 2013. *See* Dkt. Nos. 74 & 75. For the reasons set forth herein, Rodriguez's motion [Dkt. No. 73] is GRANTED.

Because Defendants have filed a motion for summary judgment on the issue of qualified immunity, the Court permitted Plaintiff leave to conduct limited discovery that is narrowly tailored to uncover only facts needed for the Court to rule on the qualified immunity defense. *See* Dkt. No. 67 at 1-2 (citing *Lion Boulos v. Wilson,* 834 F.2d 504, 507-08 (5th Cir. 1987)). However, all other discovery in this case was stayed by the Court pending disposition of the summary judgment motion. *See* Dkt. No. 57 at 2-3. Plaintiff has not sought nor received leave of court to conduct discovery through

the subpoena issued for Rodriguez, nor has the Court determined that a transcript of the examining trial in Plaintiff's underlying criminal case is necessary for determination of the qualified immunity issue. Plaintiff does not explain why the transcript is required to determine whether Defendants are entitled to qualified immunity on his false arrest claims. Indeed, it appears to the Court that probable cause was found after the January 24, 2011 examining trial, which suggests that a transcript of that proceeding would not assist Plaintiff's qualified immunity response.

In any case, Rodriguez indicates that no transcript of the examining trial has been prepared. The Court does not have the authority to order Rodriguez to create a transcript that does not exist. *See Moye v. Clerk, Dekalb Cnty. Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). Should the Court permit additional discovery in this case after consideration of qualified immunity, Plaintiff cannot expect Defendants, the Court, or Rodrgiuez to pay the costs and fees associated with ordering a transcript, regardless of his indigent status. *See Hodge v. Prince*, 730 F. Supp. 747, 751-52 (N.D. Tex. 1990); *see also Gaia v. Smith*, No. C-09-212, 2010 WL 1257820, at *1 (S.D. Tex. Mar. 24, 2010) (citing *Brown v. Carr*, 253 F.R.D. 410, 413 (S.D. Tex. 2008)). Despite Plaintiff's claims, it is not a violation of the Constitution or any federal statute to require an indigent plaintiff to pay the costs associated with obtaining transcripts, expert witnesses, or depositions. *See Hodge*, 730 F. Supp. at 751.

Accordingly, Rodriguez's motion for protective order [Dkt. No. 73] is GRANTED, and she is excused from responding to Plaintiff's subpoena unless and until she is paid the necessary transcript preparation and copy fee.

SO ORDERED.

DATED: August 14, 2013

DAVID L. HORAN
UNITED  STATES  MAGISTRATE  JUDGE