IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY R. JAMES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-457-N-BN |
| | § | |
| DALLAS POLICE DEPARTMENT, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. *See* Dkt. No. 30. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation on Defendants' Joint Motion for Summary Judgment [Dkt. No. 63]. Defendants' motion for summary judgment should be granted.

**Background**

The extensive procedural history of this case has been set forth a number of times and is well known to the parties. On February 13, 2012, Plaintiff Terry R. James, proceeding *pro se*, filed this civil rights action alleging that the City of Dallas, Dallas County, the Dallas County District Attorney's Office, District Attorney Craig Watkins, Police Chief David Brown, and three Dallas Police officers are responsible for his false arrest, invasion of his privacy, and malicious prosecution.

The Court initially summarily dismissed Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2), finding that Plaintiff had failed to state a claim for relief against the Dallas Police Department, Chief Brown, and the Dallas County District Attorney's Office. *See James v. Dallas Police Dep't*, No. 3:12-cv-457-N, 2012 WL 1066383, at *2 (N.D. Tex. Mar. 1, 2012), *rec. adopted*, 2012 WL 1066020 (N.D. Tex. Mar. 29, 2012). The Court also dismissed Plaintiff's wrongful arrest claims because, even crediting Plaintiff's allegations as true, probable cause existed for his arrest. *See James*, 2012 WL 1066383, at *2. The United States Court of Appeals for the Fifth Circuit vacated the dismissal, determining that Plaintiff's wrongful arrest claim should not have been summarily dismissed, and remanded the case. *See James v. Dallas Police Dep't*, No. 12-10369, 2012 WL 5911132, at *1 (5th Cir. Nov. 26, 2012).

Plaintiff filed an amended complaint, *see* Dkt. No. 27, and the Court summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's claims against Chief Brown, District Attorney Watkins, the City of Dallas, and Dallas County and his allegations of malicious prosecution and invasion of privacy. *See* Dkt. Nos. 33 & 36. However, the Court permitted Plaintiff to proceed on his false arrest claims against Defendants Schafer, Zamarripa, and Roberts. *See id.* Plaintiff's appeal of this order was dismissed for want of prosecution. *See* Dkt. No. 50; *James v. Dallas Police Dep't*, No. 13-10196 (5th Cir. Apr. 5, 2013).

The remaining defendants now jointly move for summary judgment. *See* Dkt. No. 63. They allege that all claims that they violated the Fourth Amendment are barred by qualified immunity and that Officer Schafer did not participate in the

Plaintiff's arrest. *See* Dkt. Nos. 63 & 64. After the Court permitted limited discovery on the issue of qualified immunity, *see* Dkt. No. 71, Plaintiff filed a response to Defendants' motion, *see* Dkt. No. 80, and Defendants submitted a reply brief, *see* Dkt. No. 83.[1]

According to his first amended complaint and summary judgment response, on December 19, 2010, Plaintiff called 911 to report that his mistress was refusing to leave his home and threatened to make a false statement to the police. *See* Dkt. No. 11 at Question 4; Dkt. No. 81 at 5; *see also* Dkt. No. 27 at 1. Dallas Police Officers Patricio Zamarripa and John Roberts were dispatched to Plaintiff's home. *See id.* Plaintiff invited Officer Zamarripa inside the home, while Officer Roberts escorted the complainant outside for questioning. *See id.*; *accord* Dkt. No. 65-1 at 1 & 3. According to Officer Roberts, the woman told him that she was Plaintiff's common-law wife and that Plaintiff "had choked her and then threw her into a wall ...[,] that the choking lasted about 15 seconds, caused her pain, and continued until she was no longer able to breathe or swallow, after which [Plaintiff] threw her into a wall." Dkt. No. 65-1 at 1. Both Officer Roberts and Officer Zamarripa state that the woman's voice was shaking, she had watery eyes, and her appearance and demeanor were consistent with

---

[1] Defendants filed a supplemental response to attach signed and notarized verifications to their responses to Plaintiff's interrogatories. *See* Dkt. No. 77. Plaintiff objects to the filing of this supplemental response without leave and asserts that it should be struck. *See* Dkt. No. 79. Defendants' supplemental filing on August 9, 2013 was ordered by the Court in its July 10, 2013 Order. *See* Dkt. No. 71. Plaintiff's objections [Dkt. No. 79] that the supplemental filings contravene the Court's orders are meritless and are OVERRULED.

that of a person who had been strangled. *See id.* at 1 & 3. Plaintiff alleges that he told the officers that he had done nothing wrong, that the woman was lying, and pleaded with the officers to remove the woman – who was not his common-law wife – from his house. *See* Dkt. No. 11 at Question 4; Dkt. No. 81 at 5-6; *see also* Dkt. No. 27 at 1-2. Despite his protests, Plaintiff was placed under arrest for the offense of assault by strangulation. *See* Dkt. No. 65-1 at 1 & 4; Dkt. No. 81 at 6; *see also* Dkt. No. 27 at 2. It does not appear that Plaintiff alleges that he was detained between consenting to the officers' entry and his eventual arrest. *See* Dkt. No. 27 at 1-2; *accord* Dkt. No. 81 at 5-6.

Officer Paul Schafer, who did not have a role in the arrest, processed the paperwork and submitted an affidavit for arrest warrant to a Dallas County magistrate judge for the enhanced offense of felony assault by strangulation. *See* Dkt. No. 65-1 at 5-6. Plaintiff claims that Officer Schafer is responsible for "dereliction of duty" for his failure to "make sure the arrest information complied with the elements of the charge" and for his improper attempt to bring an enhanced charge based upon an invalid and non-final conviction. Dkt. No. 80 at 8-9. Plaintiff was indicted by a Dallas County grand jury for felony assault-family violence, but the charge was dismissed by a state judge on December 12, 2011. *See* Dkt. No. 11 at Questions 4, 5, & 6, Dkt. No. 32 at 4; *see also* Dkt. No. 27 at 3.

## Legal Standards

Under Fed. R. Civ. P. 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir.

2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075. Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or

defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir. 1992). The verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings comport with the requirements of Rule 56(e). *See King v. Dogan,* 31 F.3d 344, 346 (5th Cir. 1994). Here, Plaintiff's amended complaint is not verified, but his first and second interrogatory answers are verified. *See* Dkt. No. 11; Dkt. No. 27; Dkt. No. 32.

Defendants move for summary judgment on their qualified immunity defense. "Qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Winston v. City of Shreveport,* 390 F. App'x 379, 383, 2010 WL 3190709, at *3 (5th Cir. Aug. 12, 2010) (quoting *Pearson v. Callahan,* 555 U.S. 223, 231 (2009)); *see also Harlow v. Fitzgerald,* 457 U.S.

800, 818 (1982). The Supreme Court has established a two-step analysis to determine whether government officials are entitled to qualified immunity. First, the court must decide "whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer,* 536 U.S. 730, 736 (2002); *see also Kinney v. Weaver,* 367 F.3d 337, 356 (5th Cir. 2004). Second, the court must ask "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson,* 555 U.S. at 232 (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001)).

Once a defendant invokes his entitlement to qualified immunity, "the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir. 2002). This burden applies both at trial and on summary judgment. *See id.*; *see also Bazan v. Hidalgo County,* 246 F.3d 481, 489 (5th Cir. 2001). The plaintiff must rebut the defense by establishing that the allegedly wrongful conduct violated clearly established law. *See Michalik v. Hermann,* 422 F.3d 252, 262 (5th Cir. 2005). In order to overcome the defense of qualified immunity at the summary judgment stage, the plaintiff cannot rest on conclusory allegations or assertions but must demonstrate genuine issues of material fact regarding the reasonableness of the defendant's conduct. *See id.*

**Analysis**

Plaintiff generally alleges that he was seized and arrested without probable cause, because the information before Officers Zamarripa and Roberts was insufficient to justify his warrantless arrest. He further claims that Officer Schafer should have known that there was no probable cause for an enhanced charge.

Because entry was made into Plaintiff's home, this is not the type of brief, investigatory *Terry* stop that requires an analysis of reasonable suspicion. Rather, where Plaintiff was subjected to a warrantless arrest inside his home, the Court should apply a two-step process to determine whether – with the facts taken in the light most favorable to Plaintiff – the Defendants violated his Fourth Amendment rights. First, the Court must determine whether the officers had a legal right to enter Plaintiff's home and conduct any investigation or seizure. *See Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990). Second, the Court must determine whether probable cause supported the warrantless arrest. *See Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009).

<u>Entry into Plaintiff's Home</u>

Although presumptively unreasonable, a warrantless entry into a home will survive constitutional scrutiny if the occupant consents or exigent circumstances exist to justify the intrusion. *See United States v. Rico*, 51 F.3d 495, 500-01 (5th Cir. 1995); *see also Payton v. New York,* 445 U.S. 573, 589-90 (1980); *United States v. Shannon,* 21 F.3d 77, 81 (5th Cir. 1994). Thus, if officers have no warrant and no consent – even if they have probable cause and statutory authority to arrest a suspect – they must also have exigent circumstances to enter. *See Arizona v. Hicks,* 480 U.S. 321, 327-28 (1987); *see also Horton v. California,* 496 U.S. 128, 137 n.7 (1990) ("no amount of probable cause can justify a warrantless search or seizure absent exigent circumstances").

Here, based on the undisputed facts of record, Defendants did not violate Plaintiff's Fourth Amendment rights by entering his home. Plaintiff concedes that he contacted the police by calling 911 and invited the officers into his home so that they

-9-

could remove his mistress. *See* Dkt. No. 11 at Question 4 ("Momentarily [the] police arrived at my home. When I gave the officers permission to enter I was seated in my recliner watching t.v."); Dkt. No. 27 at 1 ("Plaintiff and the mistress ... were quietly sitting in Plaintiff's living room watching t.v. when Plaintiff told the officers to come in"); Dkt. No. 81 at 5 ("[Complainant] refused to leave our home, forcing me to call police"). There is no summary judgment evidence to suggest that the officers' entry, which was based upon Plaintiff's consent, violated clearly established law.

Because Plaintiff consented to their entry, the officers had a right to enter Plaintiff's home and are entitled to qualified immunity for any claim of unlawful search or seizure.

Probable Cause for Plaintiff's Arrest

Once inside the home, however, Defendants were not entitled to arrest Plaintiff unless the arrest was supported by probable cause. *See Brown v. Lyford,* 243 F.3d 185, 189 (5th Cir. 2001). Probable cause for a warrantless arrest "'exists when the facts and circumstances within the knowledge of the arresting officer are sufficient to cause a person of reasonable caution to believe that an offense has been or is being committed.'" *United States v. Rocha,* 916 F.2d 219, 238 (5th Cir. 1990) (quoting *United States v. Antone,* 753 F.2d 1301, 1304 (5th Cir. 1985)). In determining whether probable cause exists, the Court is required only to find a basis for an officer to believe to a "fair probability" that an offense occurred. *United States v. Garcia*, 179 F.3d 265, 268 (5th Cir. 1999). If there was probable cause for any of the charges made, then the arrest was supported by probable cause and there is no claim for false arrest. *See Wells*

*v. Bonner,* 45 F.3d 90, 95 (5th Cir. 1995). "[T]he court should ask whether the [officers] acted reasonably under settled law in the circumstances, not whether another reasonable, or more reasonable, interpretation of the events can be constructed." *Hunter v. Bryant,* 502 U.S. 224, 228 (1991).

Under Texas law, a person commits the offense of assault if, among other things, the person "intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." TEX. PENAL CODE Ann. § 22.01(a)(3). Assault can be established even if no pain or physical injury occurs. *See Blevins v. State,* No. 02-09-00237-CR, 2010 WL 5395836, at *3 (Tex. App. – Fort Worth, Dec. 30, 2010, pet. ref'd).

The undisputed summary judgment evidence in this case shows that Plaintiff's female companion told one of the Defendant police officer on the scene that Plaintiff had assaulted her. *See* Dkt. No. 11 at Question 4; *see also* Dkt. No. 65-1 at 1 ("[the complainant] told me that [Plaintiff] had choked her and then threw her into a wall. [Complainant] further told me that the choking lasted about 15 seconds, caused her pain, and continued until she was no longer able to breathe or swallow, after which [Plaintiff] threw her into a wall"). Both Officer Roberts and Officer Zamarripa have provided affidavit testimony that the complainant's voice was shaking, she had watery eyes, and her personal appearance and demeanor were consistent with that of a person who had suffered a physical assault. *See* Dkt. No. 65-1 at 1, 3. Plaintiff asserts, as he did at the time of his arrest, that he did nothing wrong and notes that the complainant

had no bruises on her neck or upper torso. *See* Dkt. No. 11 at Question 4; Dkt. No. 80 at 10; Dkt. No. 81 at 5-6.

Whether or not Plaintiff was eventually convicted of the assault, the complainant's accusation, standing alone, was sufficient probable cause for the officers to arrest Plaintiff for assault. *See Johnson v. Bryant,* 46 F.3d 66 (Table), 1995 WL 29317, at *3 (5th Cir. Jan. 17, 1995) (victim's accusation is generally sufficient to establish probable cause). Regardless of whether there was enough evidence to arrest Plaintiff for family violence assault, there was probable cause to arrest him for simple assault. *See Price v. Roark,* 256 F.3d 364, 369 (5th Cir. 2001) (citing *Wells,* 45 F.3d at 95) (claims for false arrest focus on the validity of the arrest, not on the validity of each individual charge made during the course of arrest).

Moreover, the Fifth Circuit has explained that, "if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994), *overruled on other grounds by Castellano v. Fragozo,* 352 F.3d 939, 949 (5th Cir. 2003) (en banc); *see also Deville,* 567 F.3d at 170. This is true even though the arrest precedes the grand jury's determination of probable cause. *See Taylor*, 36 F.3d at 455-57. The record shows that a Dallas County grand jury found probable cause to believe that Plaintiff committed the offense of felony assault-family violence. *See* Dkt. No. 32 at 4. This independent finding conclusively establishes the existence of probable cause.

There is no genuine dispute of material fact that the information before the

officers was sufficient to establish probable cause. Therefore, Officers Roberts and Zamarripa did not violate Plaintiff's constitutional rights and are entitled to qualified immunity.

Allegations Against Officer Schafer

Plaintiff does not allege that Officer Schafer was involved in the initial entry into his home or his December 16, 2010 arrest; instead, he faults this Defendant for failing to assure that "the arrest information complied with the elements of the charge." Dkt. No. 80 at 8. According to Officer Schafer's affidavit, he

> processed the paperwork to upgrade the original charge against [Plaintiff] ... to a second degree felony, which was justified by the fact of [Plaintiff's] prior conviction for a misdemeanor family violence-assault offense. I then prepared an affidavit for arrest warrant that was based upon the information supplied to me, and presented that affidavit to Magistrate Judge Nan Lollar.

Dkt. No. 65-1 at 5. The same "good faith" standard of objective reasonableness applied in the context of a suppression hearing defines the qualified immunity accorded an officer whose request for a warrant allegedly caused an unconstitutional arrest. *See Malley v. Briggs*, 475 U.S. 335, 344 (1986). "Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable, will the shield of immunity be lost." *Id.* at 344-45 (citation omitted).

Here, the uncontroverted evidence establishes that Officer Schafer relied in good faith on the probable cause finding of Officers Roberts and Zamarripa. *See* Dkt. No. 65-1 at 5-6. As the undersigned concluded above, probable cause existed to support Plaintiff's initial arrest. Therefore, Officer Schafer did not violate clearly established

law by presenting this information, enhanced by a prior misdemeanor conviction, to the state magistrate judge. Moreover, the probable cause findings of the Dallas County grand jury also shield Officer Schafer from liability for false arrest.

Because Plaintiff has not pled or alleged sufficient facts to establish a claim of false arrest, all defendants are entitled to summary judgment on this claim based on qualified immunity. *See, e.g.*, *Pierce v. Smith*, 117 F.3d 866, 872 (5th Cir. 1997) ("We do not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon plaintiffs." (internal quotation marks omitted)).

## Recommendation

Defendants' Joint Motion for Summary Judgment [Dkt. No. 63] should be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 10, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE